IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PHILLIP LACY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. 16-CV-00124-ODS |
| | ) | Criminal No. 09-CR-00389-ODS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND OPINION (1) GRANTING PETITIONER'S AMENDED
MOTION TO ALTER OR AMEND JUDGMENT ENTERED JUNE 10, 2016,
AND (2) VACATING COURT'S ORDER DATED JUNE 10, 2016

Earlier this year, Petitioner Phillip Lacy sought to vacate his sentence pursuant to *Johnson v. United States*, 1345 S. Ct. 2551 (2015), which held the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutional. Doc. #1. The Government opposed Petitioner's motion, arguing his sentence was still proper under other provisions of the ACCA. Doc. #7. On June 10, 2016, the Court denied Petitioner's motion based upon the law of the Eighth Circuit at that time. Doc. #9.

On June 23, 2016, the Supreme Court issued its decision in *Mathis v. United States*, 136 S. Ct. 2243 (2015). The Supreme Court reversed the Eighth Circuit's finding that the Iowa second degree burglary conviction did not qualify as a predicate offense under the ACCA. *Id.* at 2253. Shortly thereafter, Petition filed the motion currently pending – Petitioner's Amended Motion to Alter or Amend Judgment to Issue Certificate of Appealability. Doc. #12. Petitioner asks the Court to amend its judgment and grant his initial motion under 28 U.S.C. § 2255 or amend the judgment and issue him a certificate of appealability. For the reasons stated below, the motion is granted, and the Court's Order dated June 10, 2016 is vacated.

**I. BACKGROUND**

On August 20, 2010, Petitioner pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Ordinarily, that offense

carries a maximum punishment of ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, the ACCA requires a minimum sentence of fifteen years if a person violating 18 U.S.C. § 922(g) has three prior convictions for a "violent felony." 18 U.S.C. § 922(e)(1). A "violent felony" is defined as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion constitutes the "residual clause" held unconstitutional in *Johnson*.

A presentence investigation report ("PSR") was prepared after Petitioner pled guilty. The PSR found Petitioner had at least three qualifying prior convictions of burglary in the second degree (all occurring in 2007) in violation section 569.170 of the Missouri Revised Statutes. These three convictions triggered a minimum sentence of fifteen years under the ACCA's "violent felony" provision. On January 7, 2011, Petitioner was sentenced to 94 months' imprisonment and three years of supervised release. The Court departed from the mandatory minimum based on a motion filed by the Government.

In light of *Mathis*, Petitioner contends his three prior Missouri convictions of second degree burglary do not qualify him for the ACCA enhancement. The Government opposes his motion, arguing *Mathis* does not apply retroactively on collateral review. Doc. #13, at 1.

## II. DISCUSSION

"A prisoner…claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States…or that the sentence was in excess of the maximum authorized by law…may move the court which imposed the sentence to vacate, set aside or correct the sentence." 18 U.S.C. § 2255(a). The Court first finds Petitioner's initial motion to vacate was timely because it was filed within one year of the Supreme Court's decision in *Johnson*. See 28 U.S.C. § 2255(f)(3). The Court also finds, based upon *Welch v. United States*, 136 S. Ct. 1257 (2016), that *Johnson* applies retroactively.

2

## A. Retroactivity

The Government's argument against Petitioner's current motion is that *Mathis* does not apply retroactively. *Mathis*, however, did not present a new rule of criminal procedure. *Welch*, 136 S. Ct. at 1264 (stating "new constitutional rules of criminal procedure will not be applicable to those cases which have been final before the new rules are announced" but "new *substantive* rules generally apply retroactively.") (citations and internal quotations omitted).

In *Mathis*, the Supreme Court made clear its decision followed decades of precedent. 136 S. Ct. at 2447. Justice Kagan wrote: "For more than 25 years, our decisions have held that the prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense." *Id.* She further stated: "For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements." *Id.* at 2257. In *Mathis*, the Supreme Court noted the "elements-based approach" was and remains the law. *Id.* The Supreme Court simply examined whether "a statute that lists multiple, alternative means for satisfying one (or more) of its elements" is an exception to that rule. *Id.* at 2248.

Relying on twenty-five years of precedent, the Supreme Court examined Iowa's second degree burglary statute. In doing so, it applied the "elements-based approach," an approach that has been the law for more than two decades. Thus, *Mathis* does not present a new rule or procedure. This is further established in at least two of the Eighth Circuit's recent decisions discussing *Mathis*. On July 21, 2016, the Eighth Circuit remanded a matter to a district court to determine, in light of *Mathis*, whether Missouri's burglary statute lists alternative means or alternative elements. *United States v. Bess*, Case No. 15-3806, 2016 WL 3923888, at *1-2 (8th Cir. July 21, 2016). Further, on August 9, 2016, the Eighth Circuit applied *Mathis* and its reasoning in examining Minnesota's second degree assault statute. *United States v. Headbird*, Case No. 15-3178, 2016 WL 4191186, at *2-3 (8th Cir. Aug. 9, 2016). Both matters were submitted to the Eighth Circuit prior to *Mathis*. In neither case did the Eighth Circuit indicate concerns with retroactivity. Rather, the Eighth Circuit's actions indicate retroactivity is

not at issue. Accordingly, the Court rejects the Government's argument that *Mathis* should not be applied retroactively.

## B. Burglary under Missouri Law

The ACCA defines the term "violent felony" to include any felony, whether state or federal, that "is burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii). A prior crime qualifies as an ACCA predicate "if, but only if, its elements are the same as, or narrower than, those of the generic offense." *Mathis*, 136 S. Ct. at 2247. "That means as to burglary – the offense relevant in this case – that Congress meant a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into…a building or other structure, with intent to commit a crime.'" *Id.* at 2248 (quoting *Taylor v. U.S.*, 495 U.S. 575, 598 (1990)). "[I]f the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary' – even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." *Id.*

"To determine whether a prior conviction is for generic burglary (or other listed crime) courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Id.* at 2248. The Court must distinguish between elements and facts. *Id.* Elements are "things the prosecution must prove to sustain a conviction" and are "what the jury must find beyond a reasonable doubt to convict the defendant." *Id.* (citations and internal quotations omitted). Facts, on the other hand, are "extraneous to the crime's legal requirements" and "have[] no legal effect [or] consequence." *Id.* (citations omitted).

In *Mathis*, the Supreme Court examined Iowa's burglary statute, which lists multiple, alternative means of satisfying one of its elements – to wit, the place where a burglary can occur. *Id.* at 2248, 2250. Generic offense of burglary requires unlawful entry into a "building or other structure." *Id.* Iowa's statute, however, reaches a broader range of places where a burglary can occur: "any building, structure [or] land, water, or air vehicle." *Id.* at 2250 (quoting Iowa Code § 702.12 (2013)). These listed locations are not "alternative elements," but are "alternative ways of satisfying a single locational element." *Id.* (citations omitted). The Supreme Court found the Iowa burglary statute

4

was overbroad for the purposes of an ACCA enhancement because the elements of Iowa's burglary law were broader than those of generic burglary. *Id.* at 2251, 2257.

The Supreme Court noted the threshold inquiry – elements or means – may be resolved easily by the statute on its face or when a state court definitely answers the question. *Id.* at 2256. If state law does not provide a clear answer, a court may look to a limited number of documents, such as the indictment, jury instructions, or plea agreement and colloquy to determine what crime – and the elements of the crime – of which the defendant was convicted. *Id.* at 2249. In *Mathis*, the Court's analysis was straightforward because the Iowa Supreme Court found the listed premises in Iowa's burglary law provided alternative methods of committing the offense. *Id.* at 2256 (citing *State v. Duncan*, 312 N.W.2d 519, 523 (Iowa 1981)). Unfortunately, neither the parties nor the Court has located a Missouri case finding Missouri's burglary statute's listed premises are elements are means. Thus, the Court must examine the burglary statute at issue.

Under Missouri law, "a person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.'" Mo. Rev. Stat. § 569.170.1 (2007). "Building" is not statutorily defined. "Inhabitable structure" includes a "ship, trailer, sleeping car, airplane, or other vehicle or structure" where a person lives or carries on business; where people assemble for purposes of business, education, religion, government, entertainment, or public transportation; or is used for overnight accommodation. Mo. Rev. Stat. § 569.010(2) (2007). A vehicle or structure is inhabitable regardless of whether a person is present. *Id.* Missouri's burglary statute, much like Iowa's burglary statute, lists a range of locations satisfying an element of the crime. Based upon the face of the statute, these listed locations appear to be alternative ways of satisfying the location element of the crime of burglary in Missouri.

Whether the alternative locations are elements or means is further evinced by the Missouri approved charge and model jury instructions, which are approved by the Missouri Supreme Court and are mandatory. The Missouri Approved Charge for second-degree burglary directs the charging officer to choose either "building" or

5

"inhabitable structure" and "briefly describe the location" of the building or inhabitable structure.

### 23.54 BURGLARY IN THE SECOND DEGREE

The (Grand Jurors) (Circuit Attorney) (Prosecuting Attorney) of the (City) (County) of _____, State of Missouri, charge(s) that the defendant, in violation of Section 569.170, RSMo, committed the class C felony of burglary in the second degree, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that (on) (on or about) [*date*], in the (City) (County) of _____, State of Missouri, the defendant knowingly (entered) (remained) unlawfully in (a building) (an inhabitable structure), located at [*Briefly describe location.*] and (owned) (possessed) by [*name of owner or possessor*], for the purpose of committing [*name of crime*] therein.

Mo. Approved Charge 23.54 (1998).

Similarly, the Missouri Approved Instruction for second degree burglary requires the submission of either "building" or "inhabitable structure" in the verdict director:

### 323.54 BURGLARY IN THE SECOND DEGREE

(As to Count _____, if) (If) you find and believe from the evidence beyond a reasonable doubt:
First, that (on) (on or about) [*date*], in the (City) (County) of _____, State of Missouri, the defendant knowingly (entered) (remained) unlawfully (in) (a building) (an inhabitable structure) located at [*Briefly describe the location.*] and (owned) (possessed) by [*name of owner or possessor*], and
Second, that defendant did so for the purpose of committing the crime of [name of crime] therein,
then you will find the defendant guilty (under Count _____) of burglary in the second degree.
However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.
[*Insert a definition of the crime that defendant intended.*]

M.A.I.-CR 323.54 (1998). The "Notes on Use" following this jury instruction states that terms, including inhabitable structure, may be defined by the Court on its own motion or if requested by a party. *Id.*, Notes on Use, 2(b). The jury instruction defining inhabitable structure tracks the statutory language. That is, an inhabitable structure includes a ship,

6

trailer, sleeping car, airplane, or other vehicle or structure where people live, conduct business, assemble, or spend the night.  Mo. Rev. Stat. § 569.010(2); M.A.I.-CR 333.00 (2000).

Similar to Iowa burglary statute in *Mathis*, the Missouri burglary statute "itemize[s] the various places that crime could occur as disjunctive factual scenarios rather than separate elements, so that a jury need not make any specific findings (or a defendant admissions) on that score."  136 S. Ct. at 2249.  Similar to the Iowa burglary statute, the Missouri burglary statute defines inhabitable structure to include a ship, trailer, sleeping car, airplane, or other vehicle or structure where people live, conduct business, assemble, or spend the night"  Mo. Rev. Stat. § 569.010(2).  Similar to the Iowa burglary statute, Missouri statute provides alternative means for committing second-degree burglary that are broader than simply "a building or structure" required for generic burglary.  Also, as set forth above, the prosecution need not allege or prove the type of structure involved in an individual's offense.  Missouri's burglary statute could be violated by entry into an airplane, vehicle, sleeping car, and other non-buildings.

For these reasons, the Court finds the means included in the Missouri statute are substantially similar to the means in the Iowa statute, which the Supreme Court found to be overbroad and did not qualify as an enumerated offense under the ACCA.  Because the means of committing second-degree burglary under Missouri's statute are broader than the means establishing generic burglary, Petitioner's second-degree burglary convictions do not qualify as generic burglary and cannot be used to enhance his sentence under the ACCA.  Therefore, the Court finds Petitioner is entitled to relief under 28 U.S.C. § 2255.

### III. CONCLUSION

Petitioner's Motion is granted.  The Court's June 10, 2016 Order is hereby vacated.  Consistent with this Order, the Court will schedule a hearing for resentencing.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE:  August 30, 2016            UNITED STATES DISTRICT COURT